Patricia O'REILLY Plaintiff–
Appellant,

v.

CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC., and Gail
Walther, Defendants–Appellees.

No. 05–4008–cv.

United States Court of Appeals,
Second Circuit.

March 9, 2006.

William J. Sipser, Tuckner, Sipser, Weinstock & Sipser LLP (Jack Tucker, Catherine P. Isobe, and Astrid R. Fiano, on the brief), New York, NY., for the Appellant.

Eva L. Martinez, (Mary K. Schuette and Jonathan A. Fields, on the brief), New York, NY., for the Appellees.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Patricia O'Reilly ("O'Reilly") appeals from the district

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

court's entry of judgment for the defendants-appellees ("Con Ed" and "Walther") on their motion for summary judgment on O'Reilly's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.;* the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.,* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. O'Reilly also appeals from the decision of the district court declining to take supplemental jurisdiction over her non-federal law claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York § 8–107. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

■ We review a motion for summary judgment *de novo,* construing all facts and drawing all permissible inferences in the non-moving party's favor. *Niagara Mohawk Power Corp. v. Jones Chem., Inc.,* 315 F.3d 171, 175 (2d Cir.2003). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Jeffreys v. City of New York,* 426 F.3d 549, 553–54 (2d Cir.2005).

■ Each of O'Reilly's claims is subject to the burden shifting approach of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Potenza v. City of New York,* 365 F.3d 165, 168 (2d Cir.2004) (FMLA claims); *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 565 n. 1 (2d Cir.2000) (claims under NYSHRL and NYCHRL); *Heyman v. Queens Vill. Comm. for Mental Health,* 198 F.3d 68, 72 (2d Cir.1999) (ADA claims); *Dister v. Cont'l Group, Inc.,* 859 F.2d 1108, 1112–13 (2d Cir.1988) (ERISA claims). Under the *McDonnell Douglas* framework, once a plaintiff makes out a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. 411 U.S. at 802–03, 93 S.Ct. 1817. If the defendant produces evidence of such a reason, the plaintiff must show that the defendant's reason is merely a pretext for discrimination. *Id.* at 803–04, 93 S.Ct. 1817.

■ O'Reilly argues that retaliatory intent for her termination can be inferred from the fact that she was terminated while on sick leave for the same serious medical condition for which she commenced her FMLA leave, as well as from the temporal proximity of her FLMA leave and her termination. O'Reilly's FMLA leave began on September 9, 1999, and ended on December 1, 1999. She was terminated on March 1, 2000, three months after her FMLA leave had ended. Con Ed's own sick leave policy, however, is more generous than that allowed by FMLA. Con Ed's policy allowed O'Reilly an additional 32 weeks of sick leave after her FMLA leave was exhausted. While close temporal proximity can give rise to an inference of retaliation, *see Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 769 (2d Cir.1998) (retaliatory intent inferred from termination within two months of sexual harassment complaint), the three month gap between O'Reilly's FMLA leave and her termination is not sufficient to give rise to an inference of retaliation in light of the additional leave time Con Ed's policy allowed.

■ Even assuming that O'Reilly can make out a *prima facie* case under FMLA, however, she has produced no evidence from which a jury could reasonably conclude that Con Ed's non-discriminatory reason for termination—that she was col-

lecting sick pay under false pretenses—was pretextual. Here, O'Reilly's supervisor, defendant Gail Walther, testified in deposition that she saw O'Reilly driving in Long Island in December 1999. After Walther informed individuals in the Human Resources Department of Con Ed of this alleged sighting, O'Reilly was put under surveillance. Dr. Hildebrand, acting director of Con Ed's Occupational Health Department, then compared the video of O'Reilly with her medical records. Dr. Hildebrand found that her actions on the video were inconsistent with what was represented in her medical records. After discussions with several Con Ed employees, including Walther, it was decided that O'Reilly would be terminated. O'Reilly claims that Walther lied about seeing her driving in Long Island because she could not have been in Long Island on the night in question and that this alleged fabrication establishes that Con Ed's reason for terminating her was pretextual. Even assuming that Walther was lying about *when* she saw O'Reilly out driving, however, it was the fact that O'Reilly was out driving at all in December 1999 that provided the basis for the surveillance. O'Reilly admits that she was driving in December.

O'Reilly also argues that the fact that individuals belonging to Con Ed's Lost Time Control Unit participated in the process to terminate her is sufficient to raise an inference of retaliation. The existence of a unit designed to curtail abuse of sick leave does not, by itself, raise such an inference. O'Reilly has not pointed to evidence of any discriminatory intent by these individuals or any systematic bias by Con Ed against those taking FMLA leave.

■ O'Reilly next contends that the district court erred in finding that she had not established a *prima facie* case of discrimination under the ADA because the injury to her Achilles tendon did not sub-stantially limit the major life activity of walking sufficient to make her "disabled" within the meaning of that Act. She contends also that the district court erred in its determination that she had failed to bring forward evidence to show that Con Ed's stated reason for her termination, that she was collecting sick leave under false pretenses, was pretextual. Even assuming that O'Reilly could show that she was disabled under the ADA, she has failed to bring forward any evidence from which a reasonable jury could infer that the non-discriminatory reason for her termination was pretextual. O'Reilly relies on the same evidence of pretext used to support her FMLA claim, which we reject for the reasons discussed. O'Reilly's argument that the failure of Dr. Hildebrand to make even rudimentary attempts to ascertain her medical status after viewing the tape raises an issue of fact is similarly unavailing. The record shows that Dr. Hildebrand had reviewed her medical records and the videotapes and determined that no further examination was needed. O'Reilly does not point to any policy requiring further inquiry and does not explain how these actions are evidence of pretext.

■ Nor did the district court err in holding that O'Reilly failed to produce evidence that her termination was motivated by an intent to deny rights guaranteed by ERISA. Assuming that O'Reilly could establish a *prima facie* case under ERISA, as discussed above, O'Reilly has failed to produce any evidence that Con Ed's non-discriminatory reason for her discharge was pretextual.

■ Finally, in light of the disposition of O'Reilly's federal claims, the district court did not abuse its discretion, *see Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 55–56 (2d Cir.2004), in declining to exercise sup-

**24**

plemental jurisdiction over her claims under state and local law.

We have considered all of appellant's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.