**William BELL, Plaintiff–Appellant,**

v.

**ROCHESTER GAS & ELECTRIC CORPORATION, Energetix, Inc., Griffith Oil Co., Inc., Energy East Corporation, William Diamond, Jerry Strassner, Barney Farnsworth, Defendants– Appellees.**

**No. 08–1999–cv.**

United States Court of Appeals, Second Circuit.

May 8, 2009.

J. Nelson Thomas (Annette M. Gifford, on the brief), Dolin, Thomas & Solomon LLP, Rochester, N.Y., for Appellant.

Paul T. Sheppard, Hinman, Howard & Kattell, LLP, Binghamton, N.Y., for Appellees.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.[*]

### SUMMARY ORDER

Plaintiff–Appellant William Bell appeals from a judgment of the United States Dis-trict Court for the Western District of New York (Larimer, *J.*) granting summary judgment to Defendants–Appellees. For the reasons stated below, we reverse the district court's dismissal of Bell's Title VII discriminatory discharge claim and remand for further proceedings consistent with this order. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We review a district court's grant of summary judgment *de novo.* *Bickerstaff v. Vassar College,* 196 F.3d 435, 445 (2d Cir.1999). In order to grant a motion for summary judgment, a district court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The summary judgment inquiry requires viewing the record in the light most favorable to the nonmoving party and resolving all ambiguities against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Yet a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986).

A summary judgment motion on a Title VII discriminatory discharge claim is reviewed pursuant to the three-step burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). First, the plaintiff must establish his prima facie case of dis-

---

[*] The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

.

crimination, which involves showing that he was a member of a protected class, he was qualified for his job, he was terminated from that position, and the termination occurred under circumstances giving rise to an inference of discrimination. *See Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 76 (2d Cir.2005). If the plaintiff does so, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the discharge. *Id.* Once the employer articulates such a reason, the burden shifts back to the plaintiff to show that the proffered reason is pretextual and that discrimination was the real reason for his discharge. *Id.*

■ Bell contends that certain evidence he presented raised a genuine issue of material fact with respect to his Title VII discriminatory discharge claim. His proof of pretext included a racially offensive email allegedly sent by Bell's supervisor, Defendant–Appellee William Diamond, to Defendants–Appellees Jerry Strassner and Barney Farnsworth shortly after Bell's termination. Bell contends that he successfully authenticated the email and that the district court erred in excluding it. We review the district court's decision to exclude the email for abuse of discretion. *See Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir.2007).

Under Federal Rule of Evidence 901(a), the burden rests on the proponent of documentary evidence to provide "sufficient evidence to support a finding that the matter in question is what the proponent claims." The proponent carries his burden by introducing "sufficient proof ... [allowing] a reasonable juror [to] find in favor of authenticity." *United States v. Ruggiero*, 928 F.2d 1289, 1303 (2d Cir.1991) (internal quotation marks omitted). Given, for example, the lack of evidence that the email was ever sent or received through Energetix's email system, we conclude that the

district court did not abuse its discretion in ruling that that document was inadmissible.

■ To show pretext, Bell also proffered the affidavit of Peggy DeLong, a former Energetix human resources employee, which recounted a conversation in which Diamond told DeLong of his desire to terminate Bell because of his race. The district court declined to give significant weight to this affidavit testimony, based on its conclusion that Diamond played only a peripheral role in Bell's termination. Considering the facts in the light most favorable to Bell, we note that Diamond was present at the May 21, 2002 meeting in which Christian Modesti, Diamond's supervisor, confronted Bell about his improper accessing of Energetix's accounts and suspended Bell without pay. In addition, Diamond made the formal, written recommendation to Modesti that Bell be terminated. Even if Modesti asked Diamond to write up the recommendation and Modesti made the ultimate decision to terminate Bell, we conclude that Diamond's involvement in Bell's discharge could not, on a motion for summary judgment, be dismissed as insignificant. We believe that this evidence sufficed to raise a genuine issue of material fact as to whether Defendants–Appellees' stated motive for discharging Bell was pretextual. We therefore reverse the court's dismissal of this claim.

Bell further contends that the district court erroneously granted summary judgment to Defendants–Appellees on his Title VII retaliatory discharge claim and on his Family Medical Leave Act ("FMLA") retaliation claim. We review the court's grant of summary judgment on these claims *de novo*, again applying the *McDonnell Douglas* burden-shifting analysis. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir.2005) (Title VII retaliation claim); *Potenza v. City of New*

*York*, 365 F.3d 165, 168 (2d Cir.2004) (FMLA retaliation claim). The district court correctly concluded that Bell failed to establish a prima facie case of retaliatory discharge based on his complaints of discrimination, *see Collins v. N.Y. City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002), and also failed to adduce sufficient evidence giving rise to an inference that Defendants–Appellees discharged him in retaliation for his having taken FMLA leave, *Potenza*, 365 F.3d at 168. We therefore affirm the court's grant of summary judgment to Defendants–Appellees on Bell's Title VII retaliatory discharge and FMLA retaliation claims.

The judgment of the district court is REVERSED in part, AFFIRMED in part, and REMANDED.