09-4511-cv
Wega v. Center for Disability Rights Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of October, two thousand and ten.

PRESENT: ROSEMARY S. POOLER,
         RICHARD C. WESLEY,
         GERARD E. LYNCH,
                 *Circuit Judges.*

---

THOMAS J. WEGA,

              *Plaintiff-Appellant,*

        -v.-                              09-4511-cv

CENTER FOR DISABILITY RIGHTS INC.,

              *Defendant-Appellee.*

---

FOR APPELLANT:       THOMAS C. HARTZELL, SR., Finucane &
                     Hartzell LLP, Pittsford, NY.

FOR APPELLEE: MATTHEW J. FUSCO, Chamberlain, D'Amanda,
              Oppenheimer & Greenfield LLP, Rochester, NY.


Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**, albeit on different grounds.

Thomas J. Wega ("Appellant") commenced this action against his former employer, the Center for Disability Rights ("CDR"), asserting various claims under the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12101, *et. seq.* Appellant alleges, *inter alia*, that he was discriminated against on the basis of a disability when he was terminated by CDR in August of 2004. On September 30, 2009, the United States District Court for the Western District of New York (Telesca, *J.*) granted CDR's motion for summary judgment, denied Appellant's cross-motion for summary judgment, and dismissed Appellant's claims in their entirety. Appellant challenges that decision, along with: (1) a decision and order dated March 31, 2008, by Magistrate Judge Payson, denying Appellant's motion to disqualify CDR's counsel; and

2

(2) a decision and order dated August 29, 2009, also by Magistrate Judge Payson, denying Appellant's motion to extend the discovery deadline. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Having conducted a *de novo* review of the record, we affirm the district court's grant of summary judgment to CDR, albeit on different grounds. Although we ultimately agree with the grant of summary judgment, we disagree with the lower court insofar as it found that Appellant "failed to establish that he is a qualified individual with a disability under the ADA." *Wega v. Ctr. for Disability Rights*, No. 06-CV-6375, 2009 WL 3199684, at *9 (W.D.N.Y. Sept. 30, 2009).

Appellant makes two claims under the ADA. First, he claims that he was discriminated against on the basis of his disability, alleging that he was "discharged from his position of employment because of his disability." Second, he alleges that his employer failed to provide a reasonable accommodation for his disability, as required by the ADA. The first claim fails because Appellant cannot show that his disability, rather than his poor job performance, was the

3

reason for his discharge. The second claim fails because Appellant never properly sought any accommodation from his employer, and because, even on appeal, he provides no evidence that any accommodation would have enabled him to perform his job adequately.

To prevail on either claim, Appellant must first show that he qualified as an individual with a disability under the ADA. A "disability" under the ADA includes "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA defines "major life activities" to include "caring for oneself," as well as "thinking, communicating, and working." *Id.* § 12102(2)(A). However, "[m]erely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 195 (2002).[1]

---

[1] *Williams* has been expressly superseded by an intervening act of Congress. ADA Amendments Act of 2008, Pub. L. No. 110-325, 112 Stat. 3353 (2008) ("ADA Amendments"). However, there is no indication that Congress intended the ADA Amendments to have retroactive effect. *See Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37 (2006) (noting "a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication") (internal quotation marks omitted). Accordingly, we rely on the ADA as it existed at the time of the relevant events. Moreover, since we hold Appellant has raised a genuine question for trial as to whether he suffered from a disability, even assuming *arguendo* that the

4

Appellant suffered a stroke, the effects of which appear permanent.  Appellant presents substantial evidence demonstrating that as a direct result, he experiences weakness on his left side, including a slight limp and reduced movement, which impacts daily activities that involve two hands and that require stamina.  Appellant also provides evidence that he experiences an inability to prioritize, a lack of focus, and a lack of organizational abilities.  Testimony from Vocational and Educational Services for Persons with Disabilities ("VESID") counselors who worked with Appellant averred that these are standard effects of a stroke and that they are experienced by Appellant.

Appellant thus presents substantial evidence showing he experiences both mental and physical impairments that have substantially limited his ability to take care of himself and maintain a job, having lost three separate employment positions after his stroke.  Accordingly, we conclude that Appellant has presented sufficient evidence to permit a reasonable jury to find that he is a qualified individual

ADA Amendments applied, they would not affect the outcome of the case.

with a disability under the ADA.

Nevertheless, summary judgment for Appellee was appropriate. Appellant's discriminatory discharge claim fails because he offers no evidence that "he was fired because of [his] disability." *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 870 (2d Cir. 1998).[2] Appellant's claim of failure to accommodate is also unsuccessful, because Appellant did not offer evidence sufficient to permit a reasonable jury to find that he requested, or was denied, any sort of accommodation.[3] Moreover, before terminating his employment, CDR provided him with additional time to complete assignments and reduced his responsibilities

_____

[2]Appellant does not satisfy the four-part *prima facie* case for discriminatory discharge under the ADA, which requires Appellant to prove: 1) "employer is subject to the ADA;" 2) he "suffers from a disability within the meaning of the ADA;" 3) he "could perform the essential functions of [his] job with or without reasonable accommodation;" and 4) he "was fired because of [his] disability." *See Ryan*, 135 F.3d at 869-70.

[3]Appellant also does not satisfy the four-part *prima facie* case for his failure to accommodate claim which requires Appellant to demonstrate: "1) he was an individual who has a disability within the meaning of the statute; 2) the employer had notice of his disability; 3) he could perform the essential functions of the job with reasonable accommodation; and 4) the employer refused to make such accommodation." *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir. 2000) (quotation marks omitted).

without decreasing his salary.  It is therefore unclear what type of additional accommodations CDR could have provided. Accordingly, even assuming that a properly instructed jury could have found that Appellant suffered from a disability, Appellant has failed to present sufficient evidence to permit a reasonable jury to find that CDR violated the ADA. For these reasons we affirm the district court's dismissal of his claims.

We also find no fault in Magistrate Judge Payson's decision and order dated March 31, 2008, denying Appellant's motion to disqualify CDR's counsel.  Appellant urges that CDR's lead counsel, Matthew J. Fusco ("Fusco"), should have been disqualified pursuant to 1) his previous contacts with defendant's lawyer and firm, and 2) Disciplinary Rule 5-102 of the ABA Code of Professional Responsibility, commonly known as the "attorney-witness rule."  D.R. 5-102.  Both arguments are baseless.  With regards to his first contention, the record indicates only limited contact between Appellant and Fusco during the course of Fusco's representation of CDR on an unrelated legal matter.  *See Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 750 (2d Cir. 1981).  With regards to the second argument, there is no

reason to conclude that Fusco is capable of providing testimony that might be especially useful to support or rebut Appellant's allegations of disability — much less that he "ought to be called" to do so.  *See J.P. Foley & Co., Inc. v. Vanderbilt*, 523 F.2d 1357, 1359 (2d Cir. 1975).

Finally, we hold that Magistrate Judge Payson acted within her discretion when she denied Appellant's motion to extend discovery in order to depose another witness. Because Appellant did not submit evidence to show that the prospective witness's testimony would be relevant and non-duplicative, and neglected to exercise due diligence in locating the witness prior to the discovery deadline, he failed to establish "good cause" for an extension under Rule 16(b) of the Federal Rules of Civil Procedure.  *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party.").[4]

---

[4] Appellant confuses the arguments bearing on the exercise of due diligence under Fed. R. Civ. P. 16(b) and those bearing on the impropriety of granting summary judgment without presenting facts essential to the case under Fed. R. Civ. P. 56(f).  Because Appellant does not expressly bring a motion for continuance under Fed. R. Civ. P. 56(f), we do not address those arguments here.  However, even assuming Appellant had submitted such a motion, he would not have been successful given that the request was

We have considered Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

---

based on speculation as to what would have been discovered. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Co.*, 265 F.3d 97, 117 (2d Cir. 2001).