11-2458-cv
Thomsen v. Stantec, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT: JON O. NEWMAN,
CHESTER J. STRAUB,
GERARD E. LYNCH,
*Circuit Judges.*

_____

STEVEN P. THOMSEN,
*Plaintiff-Appellant*,

v.                                                    No. 11-2458-cv

STANTEC, INC.,
*Defendant-Appellee*.

_____

FOR APPELLANT:        Steven E. Laprade (Christina A. Agola, *on the brief*), Christina A. Agola, PLLC, Brighton, NY.

FOR APPELLEE:         Stephen J. Jones (Joseph A. Carello, *on the brief*), Nixon Peabody LLP, Rochester, NY.

Appeal from the United States District Court for the Western District of New York

(David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Steven P. Thomsen appeals from the district court's May 19, 2011, order granting summary judgment for defendant-appellee Stantec, Inc., and dismissing Thomsen's complaint. Stantec terminated Thomsen from his position as an electrical engineer six weeks after he returned from medical leave. In his complaint, Thomsen alleged that Stantec discriminated against him and denied him reasonable accommodations in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-17, and New York Human Rights Law ("NYHRL"), N.Y. Exec. L. § 296,[1] and that the company interfered with and retaliated against him for exercising his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo a district court's grant of summary judgment, "construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of the nonmoving party." Doro v. Sheet Metal Workers' Int'l Ass'n, 498 F.3d 152, 155 (2d Cir. 2007). We will affirm an order granting summary judgment "only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." Riegel v. Medtronic, Inc., 451 F.3d 104, 108 (2d Cir. 2006);

---

[1] On appeal, Thomsen appears to have abandoned his NYHRL claim. Because he does not challenge this aspect of the district court's decision, we deem the NYHRL claim abandoned. See Universal Church v. Geltzer, 463 F.3d 218, 229 (2d Cir. 2006) ("Generally claims not raised on appeal are deemed abandoned, at least when it is the appellant who fails to do so.").

see also Fed. R. Civ. P. 56(a). A "genuine" issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks omitted).

Having conducted an independent and de novo review of the record, we conclude that the district court properly granted summary judgment in favor of Stantec, and we affirm for substantially the same reasons articulated by the district court in its decision.

On appeal, Thomsen argues that summary judgment was improperly granted because the evidence he presented was sufficient to raise genuine issues of fact as to whether Stantec (1) discriminated against him because it perceived him as being disabled, (2) interfered with his ability to take FMLA leave, and (3) fired him in retaliation for taking FMLA leave. None of these arguments finds support in the record.

## I. ADA Discrimination

On appeal, Thomsen no longer contends that he was actually disabled within the meaning of the ADA at the time of the events at issue, or that Stantec failed to accommodate his disability; indeed, in his appellate brief, he explicitly waives any challenge to the district court's ruling that he was not disabled. Instead, Thomsen claims that there is "ample evidence in the record, largely ignored by the district court," that creates a genuine issue of material fact as to whether Stantec *perceived* him as disabled. The evidence he cites does not support this assertion. To establish discrimination based on perceived disability, a plaintiff must show that his employer perceived him as having a disability as defined in the ADA. In other words, under the version of the ADA in effect during the period at issue in

3

this case, Thomsen must show that Stantec believed him to have an impairment that "substantially limited" a major life activity; because the major life activity that Thomsen cites is working, he must show that Stantec regarded him as having an impairment that made him unable to work in "a broad range of jobs." See Sutton v. United Air Lines, Inc., 527 U.S. 471, 491-92 (1999), superseded by statute, ADA Amendments Act of 2008, Pub. L. 110-325, 112 Stat. 3353 (2008).[2]

Even if the evidence cited by Thomsen suggested that he was treated unfairly, none of that evidence suggests that anyone at Stantec thought that Thomsen was disabled in that sense, or that such a perception was the reason for any alleged mistreatment. On the contrary, in his deposition Thomsen testified that he did *not* believe that anyone at Stantec perceived him as being substantially limited in any major life activity. The only evidence even remotely relevant to a claim of perceived disability discrimination – a cryptic, partially overheard statement by a co-worker about chronic illness – is insufficient to create a genuine issue of fact, given that the meaning of the remark, and even whether it related to Thomsen at all, is completely unclear.

---

[2] Congress amended the ADA in 2008, but in this case we apply the version of the statute in effect during the period at issue, which ended with Thomsen's termination on October 10, 2008. See ADA Amendments Act of 2008, Pub. L. 110-325, § 8, 112 Stat. 3553, 3559 (2008) (providing that ADA amendments "shall become effective on January 1, 2009"); Wega v. Center for Disability Rights Inc., 395 F. App'x 782, 784 n.1 (2d Cir. 2010) (summary order) ("[T]here is no indication that Congress intended the ADA Amendments to have retroactive effect."); see also Hilton v. Wright, 673 F.3d 120, 128-29 (2d Cir. 2012) (describing 2008 amendments). In the amended ADA that became effective on January 1, 2009, "[a]n individual meets the requirement of 'being regarded as having [a physical or mental impairment that substantially limits one or more major life activities of such individual]' if the individual establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

## II.  **FMLA Interference**

Thomsen argues that the record contains sufficient evidence to create a genuine issue of material fact as to whether Stantec interfered with his rights under the FMLA.  However, the record evidence supports only the opposite conclusion – that Stantec granted him leave whenever he requested it, even before he was eligible for FMLA benefits.  Thomsen has failed to show that Stantec refused to authorize any FMLA leave or discouraged him from using such leave.  See Potenza v. City of New York, 365 F.3d 165, 167-68 (2d Cir. 2004).  That his termination necessarily prevented him from taking *future* FMLA leave – which he had not yet requested, and had no plans to request – does not create an issue of fact as to whether Stantec attempted "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA.  See 29 U.S.C. § 2615(a)(1).

## III.  **FMLA Retaliation**

Finally, Thomsen argues that Stantec retaliated against him for exercising his FMLA rights.  To establish a prima facia case of FMLA retaliation, a plaintiff must establish that (1) "he exercised rights protected under the FMLA," (2) "he was qualified for his position," (3) "he suffered an adverse employment action," and (4) "the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." Potenza, 365 F.3d at 168.  The district court assumed arguendo that Thomsen had made out a prima facie case of FMLA retaliation.  Whether he actually has done so is by no means clear.  Indeed, Thomsen himself admitted in his deposition that Stantec never "sanctioned" or "disciplined" him "for taking a leave of absence."  Similarly, when asked whether he had "any reason to

5

believe that Stantec did not administer the FMLA process fairly," Thomsen replied: "I don't have any reason – I have no basis – I don't have anything to base it on, I don't know." Asked whether he had "any factual basis" for his belief that he was "terminated in retaliation for taking FMLA leave," Thomsen replied: "No, I guess I don't."

But even if we assume arguendo that Thomsen made out a prima facie claim of FMLA retaliation, he fails the next step in the well-established McDonnell Douglas burden-shifting test. See id., referencing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). He has not set forth evidence from which a factfinder could reasonably conclude that the legitimate and nondiscriminatory explanations given by Stantec for Thomsen's termination – i.e., that Stantec's Rochester office (where Thomsen worked) suffered a slowdown due to the 2008 economic downturn, and that Thomsen's performance was deficient – were mere pretexts. Instead he offers only conclusory assertions, unsupported by the record, that his termination "could not have been" based "on any alleged job deficiencies or any alleged slowdown." That is plainly insufficient to survive summary judgment. See Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

Thomsen does not actually dispute the specific instances of errors in his performance, but only contends that such mistakes were inevitable or were the fault of others. Given the uncontested defects in his work, it is not for us to second-guess Stantec's standards of performance, absent affirmative evidence – of which Thomsen offers none – that Stantec's evaluation of Thomsen's performance was not in good faith. See, e.g., Dister v. Continental Grp., Inc., 859 F.2d 1108, 1116 (2d Cir. 1988) (noting that "it is not the function of a fact-

6

finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal," and that "the reasons tendered" by the company "need not be well-advised, but merely truthful").

Stantec also provided specific sworn testimony that Thomsen's work group experienced a significant slowdown in projects in 2008, and Thomsen has provided no meaningful evidence refuting this claim; to the contrary, he testified in his deposition that "[t]here was definitely a slowdown," and that his group did not have enough projects to maintain a full-time workload. Thomsen's principal response to Stantec's evidence of a business slowdown is his claim that Stantec hired another "unlicensed engineer" at about the time that Thomsen was let go. However, the record shows that this new employee was not an engineer, but an "electrical designer," who performed a different function and had different skills than Thomsen. In his deposition, Thomsen admitted that he did not have experience with the design software that he characterized as "crucial" to the position, and acknowledged that he was "not qualified to perform the duties of a designer." In addition, the record shows that the company advertised for the designer position in May 2008, before the slowdown occurred.

Moreover, any claim that Thomsen was pretextually fired is further refuted by evidence that six other employees in his practice group took FMLA leave without suffering adverse consequences of any kind, and that Stantec made substantial efforts, documented by e-mails and confirmed by Thomsen himself, to find work from other offices within the company that could be assigned to him. On this record, no reasonable jury could find that

7

Thomsen has demonstrated that the reasons proffered by Stantec for his firing were pretexts and that the real reason the company let him go was retaliation for his taking FMLA leave.

## CONCLUSION

We have considered Thomsen's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court