*Price v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JOSÉ A. CABRANES,
> > *Circuit Judge,*
> RICHARD M. BERMAN,
> > *District Judge.*[*]

---

JOHN PRICE,

> *Plaintiff - Appellant,*

v.                                                            13-1533

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF CORRECTIONS, for the actions committed by its
supervisory staff, JOANDREA DAVIS, Warden for the
Eric M. Taylor Center, DARLENE MERRITT, Deputy
Warden of Administration for the Eric M. Taylor
Center, ASHLEY WILSON, Captain of Personnel for the
Eric M. Taylor Center, CORPORATION COUNSEL, CITY
OF NEW YORK LAW DEPARTMENT,

> *Defendants - Appellees.*[**]

---

[*]The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

[**]The Clerk of the Court is directed to amend the caption to conform to the above.

FOR PLAINTIFF-APPELLANT**:**     John Price, *pro se*, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES**:**   Avshalom Yotam and Francis F. Caputo, *for* Zachary Carter, Corporation Counsel for the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John Price, proceeding *pro se*, appeals an order of the district court dismissing his claim that Appellees failed to accommodate his disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The ADA prohibits an employer from discriminating against an employee on the basis of a disability. 42 U.S.C. § 12112(a). Discrimination may take the form of failing to provide "reasonable accommodations to . . . an otherwise qualified individual with a disability." *Brady v.*

2

*Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008). To establish a *prima facie* case for a failure to accommodate claim, a plaintiff must show, *inter alia*, that he or she "is a person with a disability under the meaning of the ADA." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004).

A person has a disability if he or she (a) has a physical or mental impairment that substantially limits one or more of his major life activities; (b) has a record of such an impairment; or (c) is regarded as having such an impairment. *See* 42 U.S.C. § 12102(1). Appellant contends that the district court erred in finding that, although he suffered an impairment that impacted his ability to work and walk, there was no genuine issue of material fact as to whether it "substantially limited" those activities. Prior to the enactment of the ADA Amendments Act of 2008, Pub. L. No. 110-325, 112 Stat. 3353 ("ADAAA"), the Supreme Court made clear that, in determining whether an individual's impairment "substantially" limited a major life activity, the term "substantial" "need[s] to be interpreted strictly to create a demanding standard for qualifying as disabled." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002). It explained that "'[s]ubstantially' in the phrase 'substantially limits' suggests 'considerable' or 'to a large degree'" and therefore "clearly precludes impairments that interfere in only a minor way with the performance of manual tasks from qualifying as disabilities." *Id.* at 196-97. In passing the ADAAA, Congress amended the ADA in part because it had concluded that *Toyota Motor* "interpreted the term 'substantially limits' to require a greater degree of limitation than was intended by Congress," and "created an inappropriately high level of limitation necessary to obtain coverage under the ADA." Pub. L. No. 110-325 § 2(a)(7) & (b)(5). The amendments became effective January 1, 2009, *see id.* § 8, and have not been applied retroactively by this Court, *see Wega v. Ctr. for Disability Rights Inc.*, 395 F. App'x 782,

3

784 n.1 (2d Cir. 2010); *see also Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 37 (2006) (noting "a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication") (internal quotation marks omitted). Accordingly, the ADAAA's definition of "substantially limits" applies only to claims accruing after January 1, 2009.

A claim accrues once "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1980) (internal quotation marks omitted); *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (applying *Cornwell* to ADA claims). Appellant alleges that the Appellees declined his request for a reasonable accommodation in 2008. Accordingly, his claim accrued prior to the effective date of the ADAAA.

Because the ADAAA was not retroactively applicable, the *Toyota Motor* standard of "substantially limits" applies to Appellant's claims, and the district court did not err in relying on *Toyota Motor* for its interpretation of the term. Accordingly, we affirm for substantially the reasons set forth by the district court. We have considered all of Appellant's remaining arguments and find them to be without merit. Our decision today does not foreclose Price from seeking accommodations for his disability in the future, nor do we express any opinion on whether such accommodations would be required under the ADAAA. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4