11-4480-cv
Simmons v. Akin Gump Strauss Hauer & Feld, LLP

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand thirteen.

PRESENT:  ROBERT D. SACK,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
               Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

TAMEKA SIMMONS,
               Plaintiff-Appellant,

          -v.-                         11-4480-cv

AKIN GUMP STRAUSS HAUER & FELD, LLP,
               Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     DEBRA L. RASKIN (Liane Tai Rice, on the brief), Vladeck, Waldman, Elias & Engelhard, P.C., New York, N.Y.

FOR DEFENDANT-APPELLEE:      CHRISTINE NICOLAIDES KEARNS, Pillsbury Winthrop Shaw Pittman LLP, Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Rakoff, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Tameka Simmons appeals from the district court's judgment entered October 11, 2011, implementing its memorandum order entered October 5, 2011, reaffirming its order of May 30, 2011 granting summary judgment for defendant-appellee Akin Gump Strauss Hauer & Feld, LLP (the "Firm"). Simmons challenges the district court's dismissal of her racial discrimination claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et</u> <u>seq.</u>; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 <u>et</u> <u>seq.</u> Simmons also challenges the district court's dismissal of her claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 <u>et</u> <u>seq.</u> We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review <u>de novo</u> a district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all inferences and resolving all ambiguities in her favor. <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 101 (2d Cir. 2010).

All of Simmons's claims, save her claim under the NYCHRL, are analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Ruiz v. Cnty. of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (Section 1981 and Title VII); Potenza v. City of New York, 365 F.3d 165, 167-68 (2d Cir. 2004) (per curiam) (FMLA); Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 & n.1 (2d Cir. 2000) (NYSHRL). The NYCHRL claim is analyzed separately below. See Bennett v. Health Mgmt. Sys. Inc., 936 N.Y.S.2d 112, 116 (1st Dep't 2011).

**1.   Racial Discrimination -- Section 1981, Title VII, and NYSHRL**

Under the McDonnell Douglas framework, Simmons was required to make out a prima facie case of discrimination by showing: (1) membership in a protected class, (2) satisfactory job performance, (3) adverse employment action, and (4) circumstances giving rise to an inference of discrimination on the basis of her membership in that class. Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001) (citation omitted).

Even assuming Simmons satisfied the first three prongs, her claims fail because the circumstances here do not give rise to a reasonable inference of discrimination due to her race. The undisputed facts below showed that the Firm -- like many other law firms throughout the country -- was experiencing significant economic difficulties in 2009. The bankruptcy of Lehman Brothers in 2008 decreased the revenue and average billable hours of the New York Investment Funds Practice Group ("IFPG") for the

-3-

following year by 26% and 14%, respectively.  In October 2008, the IFPG discharged an associate in the Los Angeles office for economic reasons.  In March 2009, the Firm laid off 47 of its approximately 760 attorneys in its major U.S. offices, including 7 in the IFPG -- 5 white men, 1 white woman, and 1 Asian-American woman.  In April 2009, the Firm announced that it was deferring the start dates of incoming associates to late 2009 and early 2010.  In June 2009, an associate in the Dallas office of the IFPG was converted from a full-time associate to an hourly employee, in which capacity he earned approximately $600 in 2009.  Finally, in September 2009, Simmons was told that her employment would terminate by year-end 2009.  Given these undisputed facts, a reasonable jury could only reject Simmons's argument that the Firm's decision to terminate her employment was based at least in part on race.  Indeed, the undisputed facts show that, at least in one instance, the Firm treated her more favorably because of her race, as it delayed discharging her (by removing her from the March 2009 termination list) at least in part in the interest of diversity.

Simmons's argument that the IFPG's business circumstances had improved by September 2009 is unavailing.  She points to comments made by Prakash Mehta, the co-head of the IFPG, that New York was the "hotspot" and "where the business was."  She takes those comments clearly out of context, however, as they were made by Mehta in an effort to motivate the IFPG

-4-

lawyers and explain that the group's leaders were working to address the business challenges they faced.

Even assuming that Simmons met the relatively light burden of establishing a prima facie case of discrimination, she did not present evidence from which a fact-finder could reasonably conclude that the non-discriminatory reason given by the Firm for her discharge was pretextual. While Simmons proffered some evidence, <u>e.g.</u>, the low percentage of African-American associates in the New York IFPG, she was obliged to produce "not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by [the Firm] were false, and that more likely than not discrimination was the real reason for the employment action." <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 42 (2d Cir. 2000) (alterations and internal quotation marks omitted). No reasonable jury could have found, on this record, that Simmons was selected for the reduction-in-force at least in part because of her race.

## 2.  Racial Discrimination -- NYCHRL

Simmons's claim under the NYCHRL requires an independent analysis, as the New York statute, amended by the Local Civil Rights Restoration Act of 2005, was intended to provide a remedy reaching beyond those provided by the counterpart federal civil rights laws. <u>See</u> <u>Bennett</u>, 936 N.Y.S.2d at 116.  To prevail on its motion for summary judgment, the Firm was required to meet its burden of showing that, based on the

evidence before the court and drawing all reasonable inferences in Simmons's favor, no jury could find that the Firm treated Simmons "less well" than other employees at least in part because of her race. Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 39 (1st Dep't 2009); see also Melman v. Montefiore Med. Ctr., 946 N.Y.S.2d 27, 30, 40-41 (1st Dep't 2012) (affirming summary judgment for the employer where no triable issues existed as to whether the employer's action was "more likely than not based in whole or in part on discrimination" (citations omitted)).

Here, the district court erred to the extent that it failed to give independent liberal construction to Simmons's NYCHRL claim, but analyzed it under the same standard as her claims under federal and state law. Mem. Order at 14 n.2, Simmons v. Akin Gump Strauss Hauer & Field, LLP, No. 10 Civ. 8990, 2011 WL 4634155, at *6 n.2 (S.D.N.Y. Oct. 6, 2011); see Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 723 (2d Cir. 2010) (noting the different standard to be applied to NYCHRL claims); Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009) (same).

Even under the independent liberal construction, however, we affirm the district court's grant of summary judgment in the Firm's favor. Based on the evidence discussed above, Simmons failed to raise a triable issue as to whether she was treated less well than other employees based in whole or in part on discrimination, and not because of the non-discriminatory reasons proffered by the Firm.

## 3.    FMLA[1]

To establish a prima facie case of FMLA retaliation, Simmons was required to show that (1) she exercised rights protected under the FMLA, (2) she was qualified for her position, (3) she suffered an adverse employment action, (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.  See Potenza, 365 F.3d at 168.

Even assuming Simmons can make out a prima facie case of retaliation based on comments from several partners shortly after her return from FMLA leave that she had spent too much time out of the office to develop her skills and client relationships, she did not set forth evidence from which a fact-finder could reasonably conclude that the Firm's non-discriminatory economic reason for terminating her employment was pretextual.  As already noted, she was removed from a termination list in Marsh 2009, just six months after her return from FMLA leave, and not discharged until year-end 2009, more than one year after her return from leave.

---

[1]    Although Simmons refers to "interference" with her FMLA rights in her amended complaint and briefs, the substance of her arguments therein constitutes a claim for retaliation under the FMLA, and thus, we review her claim as one of retaliation.  See Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 175-76 (2d Cir. 2006).

We have considered Simmons's remaining arguments and conclude they are without merit.  Accordingly, we hereby **AFFIRM** the judgment of the district court.


                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk