09-0996-cv
Bronzini v. Classic Security LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand ten.

PRESENT:  ROBERT D. SACK,
           REENA RAGGI,
           PETER W. HALL,
               *Circuit Judges*.

-------------------------------------------------------------------

LOLITA BRONZINI,
              *Plaintiff-Appellant*,

EIMONT BRONZINI,
              *Consolidated-Plaintiff-Appellant*,

       v.                              No. 09-0996-cv

CLASSIC SECURITY L.L.C.,
              *Defendant-Appellee.*

-------------------------------------------------------------------

APPEARING FOR APPELLANTS:    EIMONT BRONZINI (Lolita Bronzini, *on the brief*), *pro se,* Brooklyn, New York.

APPEARING FOR APPELLEE:    ANDREW W. SINGER, Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, New York.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Pro se plaintiffs Lolita and Eimont Bronzini appeal from the January 15, 2009 order of the United States District Court for the Southern District of New York (Harold Baer, *Judge*) granting summary judgment in favor of defendant Classic Security L.L.C. on plaintiffs' discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 et seq.; the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq.; the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.  We assume the parties' familiarity with the facts and procedural history.

We review de novo orders granting summary judgment, focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law.  See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).  We analyze discrimination claims under the burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96-97 (2d Cir. 2009) (ADA); Potenza v. City of New York, 365 F.3d 165, 167-68 (2d Cir. 2004) (FMLA); Tomassi v. Insignia Fin. Group, Inc., 478 F.3d 111, 114-15 (2d Cir. 2007) (ADEA).

2

We independently conclude, for substantially the reasons stated by the district court, that plaintiffs failed to adduce evidence that would permit a reasonable factfinder to conclude that defendant's non-discriminatory, legitimate business reasons for the challenged employment actions were a pretext for discrimination.  See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-55 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. at 802-04; see also Fisher v. Vassar Coll., 70 F.3d 1420, 1433 (2d Cir. 1995).

Insofar as plaintiffs argue that the district court failed specifically to address Lolita Bronzini's FMLA claim, we conclude that any oversight was harmless.  The district court referenced the factual predicate of the underlying FMLA claim twice in its order and, properly reviewing Lolita Bronzini's claims under the McDonnell Douglas burden-shifting framework, concluded there was no evidence to support a showing of pretext.  Upon independent review of the record, we likewise conclude that the evidence is insufficient to support an inference that defendant's non-discriminatory reasons for its actions were in fact in retaliation for Lolita Bronzini's taking FMLA-protected leave.  See United States v. Yousef, 327 F.3d 56, 156 (2d Cir. 2003) (observing that this court is "free to affirm an appealed decision on any ground which finds support in the record" (internal quotation marks omitted)).

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit.  For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3