11-1271-cv
Wahl v. County of Suffolk

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            SUSAN L. CARNEY,
                        *Circuit Judges*,
            JANE A. RESTANI,
                        *Judge.*[*]

_____

RONALD WAHL,

                        *Plaintiff-Appellant*,

                        - v -                        No. 11-1271-cv

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, RICHARD DORMER, Commissioner, ROGER SHANNON, Deputy Police Commissioner, ROBERT CASSAGNE, Inspector, DENNIS SULLIVAN, Lieutenant, STEPHEN HERNANDEZ, Lieutenant, PAUL RYAN, Captain, EDWARD BRADY, Deputy Inspector, individually and in their official capacities,

                        *Defendants-Appellees.*

_____

_____

    [*] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

For Plaintiff-Appellant:              RICK OSTROVE, Leeds Morelli & Brown, P.C., Carle
                                      Place, N.Y.

For Defendants-Appellees:             CHRISTOPHER P. TERMINI, Assistant County Attorney,
                                      *for* Christine Malafi, Suffolk County Attorney,
                                      Hauppauge, N.Y.

     Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

     Plaintiff-Appellant Ronald Wahl ("Wahl") appeals from a final order and judgment entered on March 17, 2011 by the United States District Court for the Eastern District of New York (Feuerstein, *J.*), granting defendants-appellees' motion for summary judgment and dismissing Wahl's complaint in its entirety. Wahl's complaint alleged that he had been subject to a discriminatory maternity leave policy that provided benefits to women but not to men in violation of the equal protection clause of the Fourteenth Amendment, and to retaliation in violation of the First Amendment and the Family and Medical Leave Act ("FMLA") for complaining about this policy. The district court dismissed all of Wahl's claims, finding, *inter alia*, that: (1) the defendants' maternity leave policy complies with the equal protection clause; and (2) Wahl's retaliation claims under the First Amendment and the FMLA should be dismissed because Wahl failed to allege a causal connection between his speech and the adverse employment actions he experienced. Wahl appeals each of the district court's holdings. We assume the parties' familiarity with the remaining facts and procedural history of the case.

     "We review a grant of summary judgment *de novo* to determine 'whether genuine disputes over material fact exist . . . which should properly be submitted to a jury or whether,

2

where no issues of material fact are found, the moving party is entitled to judgment as a matter of law.'" *Nagle v. Marron*, 663 F.3d 100, 104-05 (2d Cir. 2011) (quoting *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001)). "We resolve all ambiguities and draw all inferences in favor of the non-moving party." *Id.* at 105 (internal quotation marks omitted).

We first consider Wahl's argument that the district court erred in finding that the defendants' maternity leave policy does not violate the equal protection clause of the Fourteenth Amendment. This argument lacks merit. "For a gender-based classification to withstand equal protection scrutiny, it must be established at least that the [challenged] classification serves important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." *Tuan Anh Nguyen v. INS*, 533 U.S. 53, 60 (2001) (internal quotation marks omitted). Here, it is undisputed that protecting women in the workplace is an important governmental objective. Wahl, however, contends that the Suffolk County Police Department's maternity leave policy is unconstitutional because it is not substantially related to this legitimate goal. Specifically, Wahl argues that the policy, which permits parents of both genders to take time off following the birth of a child, but allows only women who have given birth to use accrued sick days before being taken off payroll, is "not attributable to any different physical needs of men and women" because "a woman can take the leave even if she is perfectly capable of working." Pl. Br. 10. As the district court found, this argument is unavailing because it overlooks the physical reality of childbirth, which entails "a number of medical procedures and recovery time, [and] which require[s] repeated visits to specialized doctors and time to address and investigate a variety of possible complications." App. 281. Thus, as the district court held, the contested policy is "narrowly tailored" to address

3

the government's valid interest.[1]

We turn next to Wahl's claim that the district court erred by dismissing his First Amendment retaliation claim due to his failure to allege a causal connection between his protected speech and the adverse employment actions he experienced. "A plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009). Even if the plaintiff demonstrates such a causal connection, the "defendant can still prevail . . . if it can show that it would have taken the same adverse employment action even in the absence of the protected conduct." *Cotarelo v. Vill. of Sleepy Hollow Police Dep't*, 460 F.3d 247, 251-52 (2d Cir. 2006) (internal quotation marks omitted). Wahl relies principally on temporal proximity to establish causation. He emphasizes that in March 2007, just two days after he requested maternity leave and asserted his view that the maternity leave policy was discriminatory, he was switched from a steady night tour to rotating tours and, the following month, the defendants initiated an investigation of his use of sick time. As the district court explained, the flaw in this argument is that prior to his request for maternity leave in March 2007, Wahl had already been officially advised three times that the defendants were concerned about his misuse of sick time. Moreover, as the lower court noted, even if Wahl could demonstrate that his protected speech was a motivating factor in the defendants' decision making, the defendants offered ample unrebutted evidence indicating that they would have taken the same steps to discipline Wahl even if he had not complained about the maternity leave policy.

---

[1] Because we find that the County's maternity leave policy is constitutional, it is not necessary to address Wahl's argument that the Police Benevolent Association could not waive his claim by consenting to the policy in the Police Benevolent Association Contract.

Finally, we consider and reject Wahl's claim for FMLA retaliation. To state a *prima facie* case of FMLA retaliation, a plaintiff must demonstrate, *inter alia*, that he "exercised rights protected under the FMLA" and that he "suffered an adverse employment action" that "occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (per curiam). The record here clearly shows that on several occasions Wahl was counseled that he could take child care leave under the FMLA, but he chose not to because he wanted to use his accrued sick time.

We have considered Wahl's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5