12-1601-cv
Serby v. N.Y.C. Dep't of Educ.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand thirteen.

PRESENT: DENNY CHIN,
RAYMOND J. LOHIER, JR.,
            Circuit Judges,
JOHN F. KEENAN,
            District Judge.[*]

- - - - - - - - - - - - - - - - - - - -x

ANNE SERBY,

                    Plaintiff-Appellant,

            -v-                                 12-1601-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
FKA Board of Education of the City School
District of the City of New York, CITY OF
NEW YORK, JOEL I. KLEIN, as Chancellor of
the City School District of the City of
New York, MIATHERESA PATE-ALEXANDER,
individually and in her official capacity
as Principal of IS 109 Q, FKA Miatheresa
Pate, KARLEEN ADAM COMRIE, individually

---

[*]     The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

and in her official capacity as Assistant
Principal of IS 109 Q, LENON MURRAY,
individually and in his official capacity
as Community Superintendent of New York
State School District 29,

Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    VICTOR M. SERBY, Law Office of
Victor M. Serby, Esq., Woodmere,
New York.

FOR DEFENDANTS-APPELLEES:    SCOTT SHORR, Assistant Corporation
Counsel (Francis F. Caputo, on the
brief), for Michael A. Cardozo,
Corporation Counsel of the City of
New York, New York City Law
Department, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Anne Serby appeals from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, J.), entered March 21, 2012 pursuant to a memorandum and order entered March 19, 2012, granting defendants' motion for summary judgment and denying Serby's cross-motion for partial summary judgment. Serby, formerly a probationary teacher employed by the New York City Department of Education (the

---

** The Clerk of Court is directed to amend the official caption to conform to the above.

2

"DOE"), brought this action against defendants-appellees the City of New York, the DOE, and individual administrators at IS 109 Q, the City School District, and School District 29 (collectively, the "School"), asserting claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. On appeal, Serby challenges only the district court's grant of summary judgment to the School on her FMLA retaliation claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, construing the evidence and drawing all reasonable inferences in the non-moving party's favor. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010).

The FMLA entitles eligible employees to twelve workweeks per year of unpaid leave for, inter alia, a serious health condition that makes the employee unable to perform her job functions. See Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 174 (2d Cir. 2006). At the end of an employee's FMLA leave, she has a qualified right to return to the position she held before the leave or its equivalent. See id. The FMLA creates a private right of action for an employee to seek both equitable relief and money damages against any employer that interferes with,

3

restrains, or denies the exercise of FMLA rights.  See id. (citing Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721, 724-25 (2003)).

We have analyzed retaliation claims pursuant to the FMLA under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See, e.g., Potenza v. City of New York, 365 F.3d 165, 167-68 (2d Cir. 2004) (per curiam). To establish a prima facie case of FMLA retaliation, Serby must show that (1) she exercised rights protected under the FMLA, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.  See id. at 168.  The parties agree that the first three elements are satisfied.

If Serby establishes a prima facie case, then the burden shifts to the School to articulate a legitimate, non-discriminatory reason for its actions.  McDonnell Douglas, 411 U.S. at 802.  If the School carries its burden, Serby must then demonstrate that the School's articulated reason was pretextual. See Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d 81, 92 (2d Cir. 2011) (citing McDonnell Douglas, 411 U.S. at 804-05).

The district court concluded that Serby failed to present evidence upon which a reasonable jury could find that the

4

School's articulated reason for terminating Serby's employment -- her poor performance -- was pretextual.  We agree.

First, Serby does not challenge the accuracy of the two unfavorable ratings.  In fact, Serby admitted to a colleague that she had difficulty with class management.  Moreover, the evidence demonstrates that her two evaluators -- Principal Miatheresa Pate-Alexander and Assistant Principal Karleen Adam-Comrie -- had objective bases for the unfavorable ratings, including, for example, Serby's difficulties managing her students.  Serby disagrees, apparently, with the School's judgment that chewing gum and wearing hoods in class are serious concerns, but we have no basis to second-guess these educational policy decisions, and these disagreements do not support her claim of retaliation.

Second, Serby argues that a jury could reasonably find that the timing of her "unsatisfactory" ratings evinces retaliatory intent, i.e., that after she returned from FMLA leave, she was given two unfavorable ratings only four business days apart and denied any opportunity for further observation.  Those evaluations, however, were not conducted until April 2 and 8, 2008, more than eight weeks after Serby returned from leave.  Moreover, in light of all the circumstances, there is nothing about the timing of the evaluations to suggest a retaliatory intent.

5

Third, Serby points to a reference by the Chairperson of the Chancellor's Committee (the "Chairperson") to Serby's "twenty-three (23) consecutive days of absences." In context, however, as a reasonable jury could only find, the Chairperson was merely responding to Serby's argument that she was not given opportunity for further observation. To rebut this explanation of the Chairperson's statement, Serby was obliged to produce "not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by [the School] were false, and that more likely than not discrimination was the real reason for the employment action." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (alterations and internal quotation marks omitted). She failed to do that.

We agree with the district court that Serby's claim also fails using a mixed-motive analysis. To satisfy her initial burden in a mixed-motive case, a plaintiff must "produce a smoking gun or at least a thick cloud of smoke to support [her] allegations of discriminatory treatment." Raskin v. Wyatt Co., 125 F.3d 55, 61 (2d Cir. 1997) (internal quotation marks omitted). Having presented no such evidence, Serby has failed to satisfy this initial burden. Because Serby's claim fails under either the McDonnell Douglas burden-shifting framework or the

6

mixed-motive analysis, we need not decide which applies to an FMLA retaliation claim.

We have considered Serby's remaining arguments and conclude they are without merit.  Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk