13-1330-cv
Achille v. Chestnut Ridge Transportation, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

KENNEDY ACHILLE,

                  *Plaintiff-Appellant*,

          v.                                        13-1330-cv

CHESTNUT RIDGE TRANSPORTATION, INC.,

                  *Defendant-Appellee*.[1]

_____

Appearing for Appellant:     Stewart Lee Karlin, The Law Offices of Stewart Lee Karlin, P.C., New York, NY (Eric Suffin, Law Firm of Eric A. Suffin, East Rockaway, NY, *on the brief*).

Appearing for Appellee:      Cheryl Korman (Evan Krinick, Merrill Biscone, John Diviney, Scott R. Green, *on the brief*), Rivkin Radler LLP, Uniondale, NY.

Appeal from the United States District Court for the Southern District of New York (Yanthis, *M.J.*).

---

[1] The Clerk of the Court is directed to amend the case caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Kennedy Achille appeals from the following orders of the United States District Court for the Southern District of New York (Yanthis, *M.J.*): (1) the district court's October 17, 2011 and February 2, 2012 discovery rulings; (2) the district court's March 2, 2012 order denying Achille leave to amend his complaint; and (3) the district court's March 12, 2013 order granting defendant-appellee Chestnut Ridge Transportation, Inc.'s ("Chestnut Ridge") motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We first address the district court's grant of summary judgment on Achille's two claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. First, the district court appropriately granted summary judgment on Achille's FMLA interference claim. The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). Although we have not set out the requirements of a prima facie case on a claim for interference with FMLA rights, both parties agree we should use the standard regularly employed by district courts of this Circuit for such claims. Accordingly, we adopt this analysis for purposes of this appeal. Under this standard, "[t]o make out a *prima facie* case on a claim for interference with FMLA rights under 29 U.S.C. § 2615(a)(1), a plaintiff must establish five elements: (1) that he is an eligible employee under the FMLA; (2) that defendant is an employer as defined in the FMLA; (3) that he was entitled to take leave under the FMLA; (4) that he gave notice to the defendant of his intention to take leave; and (5) that he was denied benefits to which []he was entitled under the FMLA." *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 193 (S.D.N.Y. 2011) (internal quotation marks and alterations omitted).

Here, even assuming Achille could establish the other requirements for a claim of FMLA interference, his claim fails on the fourth element – lack of notice. Achille was scheduled to return to work on December 28, 2009, yet did not return until January 11, 2010. At no point during this fourteen day absence did Achille communicate an FMLA-eligible reason for his continued absence to Chestnut Ridge. "The FMLA generally requires employees to 'comply with the employer's usual and customary notice and procedural requirements for requesting leave.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 161 (2d Cir. 2011) (quoting 29 C.F.R. § 825.303(c)). Failing to hear from Achille, and unable to contact him through its own affirmative efforts, Chestnut Ridge terminated his employment pursuant to its policy requiring an explanation for failure to timely return from leave. *See* Decl. of Patricia Riviello, Ex. 1 (Chestnut Ridge Employee Handbook), *Achille v. Chestnut Ridge Transp., Inc.*, No. 7:10-cv-6924 (S.D.N.Y. Aug. 30, 2012), ECF No. 40-1 at 53 ("Employees who fail to report on their return date or who fail to request and obtain approval for an extension will be considered to have voluntarily resigned.").

Achille argues that his failure to contact Chestnut Ridge and provide notice of his continued absence was excused by the difficulty he experienced when he tried to contact his employer from Haiti. To be sure, the FMLA's notice "requirement is relaxed in 'unusual circumstances.'" *Millea*, 658 F.3d at 161 (quoting 29 C.F.R. § 825.303(c)). Yet Achille's statements regarding his efforts to contact Chestnut Ridge are insufficient for a reasonable fact-finder to find sufficiently "unusual circumstances" excusing notice. Achille contends that an "underground telephone problem" precluded telephone communication out of Haiti. Yet he

2

provides no support for such a systemic problem beyond his own speculation. *See Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment."). Achille's remaining testimony regarding his efforts at contact fails to show sufficiently unusual circumstances justifying the two week delay in providing notice. In the absence of notice of the need for continuing leave or sufficient "unusual circumstances" justifying a delay in notice, Chestnut Ridge was entitled to terminate Achille after his extended absence without interfering with his FMLA rights.

The district court also appropriately dismissed Achille's FMLA retaliation claim. Both parties agree that Achille's FMLA retaliation claims should be analyzed pursuant to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Potenza v. City of New York*, 365 F.3d 165, 167–68 (2d Cir. 2004) (applying *McDonnell Douglas* analysis in the context of FMLA retaliation claim). Under this standard, to establish a prima facie case of FMLA retaliation, a plaintiff is required to show that: "1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza*, 365 F.3d at 168. If a plaintiff establishes a prima facie case, then the burden shifts to a defendant to articulate a legitimate, non-discriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802. "Upon such a showing, the defendant must demonstrate legitimate reasons for its actions, whereupon the plaintiff bears the burden of showing that the defendant's explanations are pretext for the true discriminatory motive." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996).

Achille argues that Chestnut Ridge terminated him in retaliation for exercising his FMLA rights. Yet even assuming Achille has established a prima facie case of retaliation, he has failed to provide any evidence of pretext to rebut Chestnut Ridge's legitimate, non-retaliatory reason for his termination. Chestnut Ridge contends that it terminated Achille not for taking leave, but rather for failing to return on schedule without communicating any explanation, in violation of company policy. Achille concedes that Chestnut Ridge has offered a legitimate basis for its actions, yet he provides no evidence to counter this explanation. Accordingly, his retaliation claim was appropriately dismissed.

Because we affirm the district court's dismissal of Achille's FMLA claims, Achille's appeal of the district court's denial of leave to amend his complaint is moot. In the district court, Achille sought leave to add The Trans Group, LLC (the "Trans Group"), as an additional defendant in this action. Achille asserted no additional claims against the Trans Group. Therefore, given that Achille's FMLA claims against Chestnut Ridge fail, these claims would similarly fail against the Trans Group, even if added as a defendant.

Finally, we reject Achille's challenge to the district court's discovery rulings. The only specific discovery ruling Achille challenges involves his request for discovery relating to the FMLA leave requests of "similarly situated" employees of Chestnut Ridge, including these employees' personnel files. The district court denied this request, concluding that because Achille's complaint did not allege that he received disparate treatment from other employees at Chestnut Ridge who requested FMLA leave, the document request was not reasonably calculated to lead to the discovery of admissible evidence. The district court further concluded that because Achille was requesting the personnel files of these employees, the request was overbroad and

3

would constitute a "fishing expedition." On appeal, Achille has failed to identify error in either of these conclusions.

We have considered the remainder of Achille's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk