*Arizmendi v. Rich Prods. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of June, two thousand twenty-three.

PRESENT:

> ROSEMARY S. POOLER,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

JULIANNE ARIZMENDI,

> *Plaintiff-Appellant,*

v.                                                                No. 22-1971

RICH PRODUCTS CORPORATION,

> *Defendant-Appellee.*\*

_____

**For Plaintiff-Appellant:**                    James V. Sabatini, Sabatini and

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Associates, LLC, Newington, CT.

**For Defendant-Appellee:**        Holly L. Cini, Sara R. Simeonidis, Jackson Lewis P.C., Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Julianne Arizmendi appeals from the district court's grant of summary judgment in favor of her former employer, Rich Products Corporation ("Rich"), on her claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, alleging that Rich interfered with her right to take medical leave under the FMLA and retaliated against her for attempting to exercise that right. We review a district court's grant of summary judgment de novo, *see Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021), and will affirm when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We begin with Arizmendi's claim of interference under the FMLA. The FMLA affords qualified employees who cannot work due to a "serious health condition" up to twelve weeks of leave in a year. 29 U.S.C. § 2612(a)(1)(D). To prevail on a FMLA-interference claim, Arizmendi must prove that (1) she was eligible for FMLA benefits; (2) Rich is subject to the FMLA; (3) she was entitled to FMLA leave; (4) she gave notice to Rich of her intention to take leave; and (5) she was denied FMLA benefits to which she was entitled. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). The parties agree that the first two elements of the test are met. Rich, however, argues that Arizmendi was not entitled to FMLA leave because she did not have a "serious health condition." Rich Br. at 16. We agree.

Under the FMLA, a "serious health condition" includes any "illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11)(B). One way to demonstrate a serious health condition based on continuing treatment is to show that the underlying condition involves a "period of incapacity of *more than three consecutive, full calendar days*." 29 C.F.R. § 825.115(a) (emphasis added). Here, the undisputed evidence shows that Arizmendi was not in the throes of a "serious health condition" when she sought FMLA leave. 29 U.S.C. § 2611(11)(B). After

3

leaving work early with flu-like symptoms on February 19, Arizmendi received a doctor's note recommending that she "stay out of work for three days, from February 19–21, 2020." J. App'x at 387. To the extent this note demonstrates Arizmendi's incapacity, it does so for only three days. It says nothing about her inability to work beyond that period. Because the other evidence in the record likewise fails to demonstrate that Arizmendi was sick for *more than three consecutive days*, we affirm the district court's denial of her FMLA-interference claim.

Arizmendi disputes this conclusion on two grounds. First, she contends that she requested five days of leave – from February 19 through February 23 – in her February 20 request for FMLA leave. But the amount of leave requested by Arizmendi is not dispositive. Instead, the definition of a "serious health condition" turns on an objective inquiry into her need for "continuing treatment by a heath care provider" and the duration of her incapacity. 29 U.S.C. § 2611(11)(B). The record makes clear that the duration of that treatment and incapacity was at most three days. Indeed, Arizmendi testified that, on February 21, she "wasn't feeling too well," but was nonetheless still "able to work," suggesting that she was not suffering from a serious health condition. J. App'x at 576. Second, Arizmendi points to the fact that she returned to the emergency room on March 18, 2020 with COVID-19-like symptoms as evidence that she was sick

4

for a month straight. Arizmendi testified, however, that her symptoms from February 2020 resolved before she got sick again, demonstrating that she was not continuously incapacitated for that entire period.

Arizmendi's retaliation claim fares no better. We analyze retaliation claims brought pursuant to the FMLA under the burden-shifting test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) she exercised her rights under the FMLA; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *See Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). If the plaintiff can make out a prima facie case, the burden shifts to the employer to articulate "a legitimate, non-discriminatory reason for its actions." *Graziadio*, 817 F.3d at 429. Where the employer carries that burden, the plaintiff must then prove that the reasons it offered were a pretext for retaliation. *See id.*

Here, Arizmendi failed to make out a prima facie case of retaliation because, at a minimum, the adverse-employment action did not occur under circumstances giving rise to an inference of retaliatory intent. It is undisputed that when Arizmendi was terminated on February 21, Dari Patrick (Production Manager),

5

Alyssa Czopor (Human Resources Manager), and Manny Rodriguez (Arizmendi's direct supervisor) were not aware that Arizmendi had applied to take FMLA leave. In fact, when Czopor learned of Arizmendi's FMLA application three days later, Czopor invited Arizmendi to return to work while her application was still pending. Arizmendi, however, declined the invitation because she "was seeking legal counsel." J. App'x at 563. Since "one cannot . . . [be] motivated to retaliate by something he was unaware of," *Ameen v. Amphenol Printed Cirs., Inc.*, 777 F.3d 63, 70 (1st Cir. 2015), Arizmendi has failed to demonstrate that her termination occurred under circumstances giving rise to an inference of retaliatory intent, *see Potenza*, 365 F.3d at 168.

We have considered Arizmendi's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court