22-989-cv
Herron v. NYC Transit

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-three.

PRESENT:    GERARD E. LYNCH,
            RAYMOND J. LOHIER, JR.,
            JOSEPH F. BIANCO,
                    *Circuit Judges*.

------------------------------------------------------------------

RONALD HERRON,

                    *Plaintiff-Appellant*,

            v.                                              No. 22-989-cv

NEW YORK CITY TRANSIT, NEW YORK CITY
TRANSIT DEPARTMENT OF BUSES,
METROPOLITAN TRANSPORTATION
AUTHORITY, MTA BUS COMPANY,
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY,

                    *Defendants-Appellees*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          Marshall B. Bellovin, Ballon Stoll
                                  P.C., New York, NY

FOR DEFENDANTS-APPELLEES:          Steven S. Efron, New York, NY

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Eric Komitee, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Ronald Herron appeals from an April 5, 2022 order of the United States

District Court for the Eastern District of New York (Komitee, J.) granting the

Defendants' motion for summary judgment as to Herron's claims of interference

and retaliation in violation of the Family and Medical Leave Act (FMLA), 29

U.S.C. § 2601 et seq., and remanding to New York state court Herron's claims of

retaliation and discrimination on the basis of his disability in violation of the

New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 290 et seq.,

and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§

8-101, et seq.[1]  We assume the parties' familiarity with the underlying facts and

---

[1] The District Court's April 5, 2022 order disposing of all claims and directing the clerk of court to close the case is a final decision that "end[ed] the litigation on the merits and [left] nothing for the court to do but execute the judgment." Hall v. Hall, 138 S. Ct. 1118, 1123-24 (2018) (quotation marks omitted); see 28 U.S.C. § 1291 (providing appellate

the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Herron worked for the New York City Transit Authority ("NYCTA") from 2003 until his termination in February 2015.[2] Between March 2014 and February 2015 Herron took 223.35 hours of FMLA leave in connection with his anxiety disorder. Joint App'x 660. Aside from his FMLA absences, Herron "reported late for his scheduled tour of duty on 60 occasions" without authorization between August 2013 and September 2014. Joint App'x 687.

In June 2014 Herron started "Herron Entertainment," a talent-management company, in contravention of the NYCTA's Code of Ethics Manual, which prohibits dual employment without prior authorization. The Defendants denied Herron's subsequent request for retroactive authorization because of his poor

---

jurisdiction over "appeals from all final decisions of the district courts"). We note, however, that the District Court's docket does not reflect a judgment set forth in a separate document. In the absence of a separate document, judgment is deemed entered 150 days after the order from which the appeal lies is entered. Fed. R. Civ. P. 58(c)(2)(B). But "where the District Court makes a decision intended to be 'final,' the better procedure is to set forth the decision in a separate document called a judgment." Elfenbein v. Gulf & W. Indus., Inc., 590 F.2d 445, 449 (2d Cir. 1978) (quotation marks omitted), abrogated on other grounds by Espinoza ex rel. JPMorgan Chase & Co. v. Dimon, 797 F.3d 229 (2d Cir. 2015); see Apotex Corp. v. Hospira Healthcare India Private Ltd., 827 F. App'x 149, 150 n.1 (2d Cir. 2020).

[2] Herron testified that he was employed by all of the Defendants but paid by the Manhattan and Bronx Surface Transit Operating Authority. See Joint App'x 50.

3

attendance record. In January 2015 the NYCTA's "Special Investigations & System Security" unit determined that Herron continued to engage in dual employment even after his request was denied. In February 2015 the Defendants terminated Herron's employment.

Herron sued the Defendants in state court, claiming interference and retaliation in violation of the FMLA, and retaliation and discrimination on the basis of his disability in violation of the NYSHRL and NYCHRL. In August 2015 the Defendants removed the case to federal court in the Eastern District of New York. In April 2022, following discovery, the District Court granted summary judgment to the Defendants on Herron's FMLA claims and remanded his claims under state and local law to state court.

**I.      Claims Under the FMLA**

We review <u>de novo</u> the District Court's grant of the Defendants' motion for summary judgment. <u>Donnelly v. Greenburgh Cent. Sch. Dist. No. 7</u>, 691 F.3d 134, 141 (2d Cir. 2012).

**A. Interference**

To succeed on a claim of interference with his FMLA rights, Herron must establish, among other things, "that []he was denied benefits to which []he was entitled under the FMLA." <u>Graziadio v. Culinary Inst. of Am.</u>, 817 F.3d 415, 424

4

(2d Cir. 2016).  Here, Herron failed to adduce any evidence that the Defendants denied him benefits under the FMLA or otherwise interfered with his FMLA rights.  To the contrary, according to the summary judgment record, Herron's supervisors encouraged him to take FMLA leave, and Herron himself testified that no one "ever discourage[d] [him] from taking a day off for FMLA leave." Joint App'x 150.  To the extent Herron takes issue with the four-month-long approval period for his second FMLA leave, his interference claim is still without merit.  The Defendants retroactively applied Herron's FMLA leave from February 2014, and Herron has not adduced any evidence that this retroactive designation "cause[d] harm or injury" to him.  See 29 C.F.R. § 825.301(d).  We therefore affirm the District Court's grant of summary judgment in the Defendants' favor as to Herron's FMLA interference claim.

**B.  Retaliation**

Herron's claim that the Defendants retaliated against him for exercising his FMLA rights fares no better.  In order for a plaintiff to succeed on a claim of FMLA retaliation, the plaintiff's exercise of FMLA rights must have been a "motivating factor" in the employer's adverse employment action.  Woods v. START Treatment & Recovery Ctrs., Inc., 864 F.3d 158, 166 (2d Cir. 2017).  The burden-shifting framework established in McDonnell Douglas Corp. v. Green,

5

411 U.S. 792 (1973), applies to our analysis of retaliation claims under the FMLA. See Potenza v. City of New York, 365 F.3d 165, 168 (2d Cir. 2004). Thus, once the plaintiff establishes a prima facie case of retaliation and the employer proffers non-discriminatory justifications for its adverse employment action, "[a] plaintiff may prove . . . retaliation . . . by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." Graziadio, 817 F.3d at 430 (quoting Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 846 (2d Cir. 2013)).

Even assuming that Herron established a prima facie case of FMLA retaliation, he has failed to raise a genuine dispute that the Defendants' proffered justification for terminating his employment was a pretext for retaliation. The Defendants confirmed through a formal investigation that Herron continued to engage in unauthorized dual employment, provided Herron with a warning memorandum based on that investigation, and allowed Herron to meet with NYCTA officials to discuss the charges against him. Herron has never disputed that he continued to engage in dual employment after his supervisors denied his request to do so.

Herron argues that two other disputed facts as to whether his FMLA leave was a motivating factor in the Defendants' decision to terminate his employment

6

compelled the denial of summary judgment in this case: (1) supervisor Daniel Donahue's remark about Herron's being "out sick all the time," and (2) the Defendants' disparate treatment of Pamela Fulfrost, an employee who also engaged in unauthorized dual employment. As to Donahue's remark, Herron failed to adduce any admissible evidence rebutting testimony that Donahue was unaware of Herron's anxiety disorder at the time of the remark and that the remark referred to Herron's general attendance record. See Joint App'x 348, 452; see generally Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 149-50 (2d Cir. 2010). As to the comparison with Fulfrost, we agree with the District Court that Fulfrost is not an appropriate comparator, as she did not have Herron's attendance problems, and her dual employment was retroactively authorized. See Spec. App'x 20–21; see also Graham v. Long Island R.R., 230 F.3d 34, 39–40 (2d Cir. 2000). We therefore affirm the District Court's grant of the Defendants' motion for summary judgment as to Herron's FMLA retaliation claim.

**II.     Claims Under State and Local Laws**

Finally, we conclude that the District Court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Herron's claims under the NYSHRL and the NYCHRL in the absence of a valid federal claim and remanded those claims to state court. See Souza v. Exotic Island Enters., Inc., 68

7

F.4th 99, 123 (2d Cir. 2023); <u>Baylis v. Marriott Corp.</u>, 843 F.2d 658, 665 (2d Cir. 1988) ("Where the state claims originally reached the federal forum by removal from a state court, the district court has the discretion to . . . remand them to the state court.").

We have considered Herron's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court