14-68-cv
*Turner v. Eastconn Regional Education Service Center, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand fourteen.

PRESENT:   JOSÉ A. CABRANES,
RICHARD C. WESLEY,
PETER W. HALL,
            *Circuit Judges.*

---

REBECCA A. TURNER,

        *Plaintiff-Appellant,*

            v.                                                          No. 14-68-cv

EASTCONN REGIONAL EDUCATION SERVICE
CENTER, PAULA COLEN, STEVEN WAPEN, DORIS
DYER, THOMAS CRONIN, RONALD MORIN,

        *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          PHILIP G. KENT, Susman, Duffy & Segaloff, P.C., New Haven, CT.

**FOR DEFENDANTS-APPELLEES:**          MARK J. SOMMARUGA (Zachary D. Schurin, *on the brief),* Pullman & Comley LLC, Hartford, CT.

Appeal from a December 4, 2013 judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Rebecca Turner ("Turner"), a special education teacher formerly employed at the Autism Program of defendant Eastconn Regional Education Service Center, appeals the December 4, 2013 judgment of the district court granting in part defendants' motion for summary judgment. Turner had asserted claims against Eastconn and the individual defendants, who were plaintiff's supervisors at Eastconn, for violations, *inter alia*, of the Connecticut Fair Employment Practices Act; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"); the Family Medical Leave Act, 29 U.S.C. § 2611, *et seq.* ("FMLA"); and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Turner's complaint alleged that defendants engaged in employment discrimination on the basis of her pregnancy by failing to provide reasonable accommodations, placing her on FMLA leave involuntarily, and later terminating her employment after refusing to extend her FMLA leave following the birth of her children and the exhaustion of her statutory twelve-week entitlement. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). We must affirm a summary judgment order when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A defendant is entitled to summary judgment where the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim on which the plaintiff[] bear[s] the burden of proof." *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (quotation marks and alterations omitted). "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Upon *de novo* review of the record on appeal and upon consideration of the arguments advanced by the parties, we affirm the judgment of the District Court, substantially for the reasons set forth in its December 2, 2013 Memorandum and Order.

Turner's claims of discrimination under the ADA and Title VII, as amended by the PDA, as well as her claim of FMLA retaliation, are analyzed pursuant to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See McBride v. BIC Consumer Prods. Mfg.*

*Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009) (applying *McDonnell Douglas* to ADA claim); *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (applying *McDonnell Douglas* to PDA claim); *Potenza v. City of New York*, 365 F.3d 165, 167-68 (2d Cir. 2004) (applying *McDonnell Douglas* to FMLA retaliation claim).  In the *McDonnell Douglas* analysis, plaintiff must first establish a *prima facie* case of violation, which shifts the burden to the defendant to articulate a legitimate, non-discriminatory reason for its conduct, at which point the burden shifts back to the plaintiff to show that defendant's explanations are a pretext for impermissible discrimination.  *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996).  In each instance, even assuming for the sake of argument that plaintiff has established a *prima facie* case of unlawful discrimination, she fails to carry her burden of showing that defendant's legitimate, non-discriminatory explanations are mere pretext.

In her complaint, Turner advanced two types of disability claims under the ADA.  First, she alleged discrimination based upon a failure to accommodate, for which claim she must show that "(1) [p]laintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McBride*, 583 F.3d at 96-97 (internal quotation marks omitted).  Secondly, she alleges discrimination via an adverse employment action, for which claim plaintiff must show "(a) that [her] employer is subject to the ADA; (b) that [she] is disabled within the meaning of the ADA or perceived to be so by [her] employer; (c) that [she] was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that [she] suffered an adverse employment action because of [her] disability." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008) (internal quotation marks omitted).  On appeal, Turner appears to have abandoned her claim that her pregnancy itself constituted a disability and focuses her challenge instead on allegations that defendants regarded her condition as a disability.  If so, Turner undermines her claim for failure to accommodate, which, as noted above, requires a showing of disability.

In any event, as the District Court properly concluded, both ADA claims fail on the grounds, among others, that Turner has not adequately established the existence of a reasonable accommodation.  "A reasonable accommodation can never involve the elimination of an essential function of a job." *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003).  Here, Turner herself testified that two thirds of her job involved the direct instruction of potentially aggressive students, the very activity for which she sought an accommodation and that her two doctor's notes prohibited her from doing.  *See* App'x at 149-50, 251.  Turner now unpersuasively attempts to cast her doctor's notes of September 7, 2010, and September 24, 2010, which respectively prohibited her from "working closely with children who can become aggressive" and from "having one[-]on[-]one contact with aggressive children," *see* App'x at 149-50, as merely proscribing her participation in restraining aggressive students, *see* Appellant's Br. 20.  This characterization is singularly unpersuasive for the simple reason that when Turner previously requested to be excused, pursuant

3

to a doctor's note, from "restraining activities" in April 2010, defendants readily honored the request and supplied the requested accommodation.  *See* App'x at 148.  It was only in September 2010, when Turner requested to be excused from "working closely with" or "having one[-]on[-]one contact with" her students that the requested accommodation became an elimination of an essential job function, which defendants were not required to provide.

Turner's secondary requested accommodation—that she be permitted for the duration of her pregnancy to replace a colleague who at that time held the position of "lead teacher"—fails for the reason that reasonable accommodation only includes, in certain circumstances, "reassignment to a *vacant* position" and plaintiff here fails to carry her burden of showing the existence of any such vacant position.  *McBride*, 583 F.3d at 97 (emphasis added).

The District Court also did not err in dismissing upon summary judgment Turner's claim of violation of the PDA, which expressly extends Title VII's protections against sex discrimination to cover discrimination on the basis of pregnancy.  *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 343 (2d Cir. 2003).  In her complaint, Turner alleges that she suffered unlawful adverse employment actions when defendants placed her on FMLA leave as of October 4, 2010, shortly after receipt of her September 2010 doctor's notes, and subsequently terminated her in January 2011 when her FMLA leave expired.  The record here, however, indicates that defendants acted to initiate FMLA leave early in accordance with plaintiff's own requests and doctor's notes, since no reasonable accommodation was available, and only terminated plaintiff's employment after she declined to return to work upon the expiration of her twelve week leave.  Further, as the District Court rightly opined in its judgment on the motion to dismiss, "Turner's allegation that a similarly situated pregnant employee, Allyson Carter, received favorable treatment would undermine any inference that the Defendants were motivated by anti-pregnancy animus."  *Turner v. Eastconn Reg'l Educ. Serv. Ctr.*, No. 3:12-cv-788 (VLB), 2013 WL 1092907, *9 (D. Conn. 2013).  Since defendants have provided a neutral, non-discriminatory explanation, which plaintiff has failed to rebut with evidence of pretext, Turner's PDA claim fails.  *See Quarantino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir. 1995) ("The plaintiff has the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against her on account of her pregnancy.").

Finally, the District Court properly dismissed upon summary judgment Turner's FMLA claims for interference and retaliation.  Plaintiff here has failed to demonstrate that defendants interfered with her FMLA rights by forcing an early start to her leave period or otherwise denied her the benefits to which she was entitled under the FMLA.  *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 175 (2d Cir. 2006) (holding that the employer's imposition of involuntary FMLA leave, by itself, was not actionable under the FMLA).  On the contrary, and in the absence of a showing of reasonable accommodation, defendants' initiation of the FMLA period were prompted by plaintiff's own doctor-requested restrictions.

4

Similarly unavailing is Turner's claim under the FMLA that her termination was in retaliation for taking the FMLA leave to which she was legally entitled. The record reflects that defendants provided plaintiff with the full extent of required FMLA leave, but after its expiration Turner herself decided not to return to work after being denied an extension of her leave in order to care for her children. Plaintiff does not—and, indeed, cannot—argue that she was legally entitled to additional FMLA leave. Even assuming that plaintiff has adequately established a *prima facie* case for FMLA retaliation, which is doubtful, she has failed to produce the required evidence of pretext to rebut defendants' legitimate, non-discriminatory reason for her termination—*i.e.*, that Turner failed to return to the job.

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's December 4, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk