Augustus v. AHRC Nassau

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of March, two thousand fifteen.

PRESENT:
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges,*
>
> JED S. RAKOFF,
> > *District Judge.*∗

_____

SUSAN AUGUSTUS,

> *Plaintiff-Appellant,*

> v.                                                                      13-4084

AHRC NASSAU,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Susan Augustus, pro se, Elmont, New York.

FOR DEFENDANT-APPELLEE:           David Michael Cohen, Cooper, Sapir & Cohen, P.C., Melville, New York.

_____

∗ Hon. Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Susan Augustus, proceeding pro se, appeals from the judgment entered by the United States District Court for the Eastern District of New York dismissing her Title VII employment discrimination claim and her Family Medical Leave Act ("FMLA") retaliation claim following a bench trial. On appeal, Augustus challenges the district court's rulings on both claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Following a bench trial, we review the district court's legal conclusions *de novo* and its findings of fact for clear error. *United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir. 1996). Augustus argues that the district court erred in concluding that she did not show by a preponderance of the evidence that the defendant terminated her because of her race. After a plaintiff establishes a prima facie case of discrimination, the employer must articulate some legitimate, nondiscriminatory reason for the adverse action. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the employer is successful, the burden shifts back to the plaintiff to prove "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* We conclude that it was not error for the district court to find that defendant established a nondiscriminatory reason for her termination by producing evidence that Augustus repeatedly failed to communicate with her supervisors, to document client services, and to account for her time—which was identified as an important part of her job, given the significant amount of time she was required to spend in the

field meeting with clients. Augustus attempted to show pretext by demonstrating that she was disciplined more harshly than other employees, but these comparisons are inapposite. The district court found that no other employee received as many citations as Augustus, and Augustus therefore could not show that her punishment was disproportionate to her infractions. Unlike Augustus, the other employees did not *repeatedly* violate the rules or fail to communicate with their supervisors. Given the evidence of Augustus's repeated failures to complete important aspects of her job and the dearth of evidence supporting the existence of a discriminatory animus, the district court did not err in finding that Augustus did not show by a preponderance of the evidence that her defendant's nondiscriminatory justification was merely a pretext for racial discrimination.

Nothing in the record, moreover, supports Augustus's claim that she was terminated in retaliation for her advocacy on behalf of a specific client. Although Augustus was qualified for her position and was the subject of an adverse employment action, she failed to show that "the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). On the contrary, the evidence at trial showed that Augustus's supervisors were supportive of her advocacy with respect to that client. The district court therefore did not err in ruling that Augustus failed to establish a prima facie retaliation claim under the FMLA.

We have considered Augustus's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk