18-2153-cv
*Connolly v. Equity Servs., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRENDAN CONNOLLY,

        *Plaintiff-Appellant,*

        v.                                   18-2153-cv

EQUITY SERVICES, INC., NATIONAL LIFE INSURANCE CO.,

        *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:       David Bond, Strouse & Bond PLLC, Burlington, Vermont.

FOR DEFENDANTS-APPELLEES:     Robert S. Burke, Law Office of Robert S. Burke, Williston, Vermont.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Brendan Connolly appeals from a judgment entered July 24, 2018, dismissing his claim of constructive discharge brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.  On appeal, Connolly argues that the district court erred in concluding that he failed to plead a plausible constructive discharge claim -- a claim precipitated by the decision of defendants-appellees Equity Services, Inc. and National Life Insurance Co. to reduce his annual bonus after Connolly used extended paid leave to cope with the death of his wife and unborn child.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We conduct a *de novo* review of a district's court dismissal of a complaint for failure to state a claim upon which relief can be granted.  *See, e.g.*, *United States ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 168 (2d Cir. 2018).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which if accepted as true, states a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The allegations set forth in Connolly's complaint fail to state a plausible claim that defendants created an intolerable environment or that a reasonable person would have resigned after being notified of a potential reduction in bonus pay. To state a claim for constructive discharge, an employee must allege facts indicating (1) "the employer's intent to create an intolerable environment" and (2) "work conditions so intolerable that [a reasonable person] would have felt compelled to resign." *Shultz v. Congregation Shearith Israel of N.Y*, 867 F.3d 298, 308 (2d Cir. 2017) (internal quotation marks omitted); *accord Green v. Brennan*, 136 S. Ct. 1769, 1776 (2016).[1]

Here, Connolly claims he was constructively discharged "due to the intolerable restrictions" defendants imposed upon him, and that he was "penalize[d]" for his absences between March 22, 2015 and February 28, 2017, Compl. at 9, because during his annual performance and compensation review, the company indicated his annual bonus might be reduced and his "absences [we]re no longer acceptable," Compl. at 7.

---

[1]     Courts apply the same standard for evaluating Title VII and FMLA constructive discharge claims. *See Shultz*, 867 F.3d at 308 (Under Title VII, "[t]he constructive-discharge doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign.") (internal quotation marks omitted); *Stoler v. Inst. for Integrative Nutrition*, No. 13-cv-1275, 2013 WL 6068598, at *10 (S.D.N.Y. Nov. 18, 2013) ("To establish a constructive discharge [for a FMLA claim], Plaintiffs must establish that Defendants deliberately made [plaintiff's] working conditions so intolerable that a reasonable person in her shoes would have felt compelled to resign."); *cf. Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (per curiam) (applying Title VII framework to FMLA retaliation claim); *Hamilton v. Sirius Satellite Radio Inc.*, 375 F. Supp. 2d 269, 275 (S.D.N.Y. 2005) (same).

Defendants' signaling of a reduction in Connolly's discretionary bonus pay, however, did not by itself indicate an intent to create an intolerable environment. *See Petrosino v. Bell Atl.*, 385 F.3d 210, 231 (2d Cir. 2004) ("[T]he law is clear that a constructive discharge claim cannot be proved by demonstrating that an employee is dissatisfied . . . with the failure to receive an anticipated raise . . . or a bonus after having received one in previous years.") (citations omitted). Connolly's claim that a reasonable person would have been compelled to resign is simply not plausible in the circumstances alleged here. According to his complaint, defendants supported Connolly's recovery for almost two years until his absences "caused [his] coworkers to have to cover [his] job duties." Compl. at 7. Further, Connolly alleges that "at no point in the previous 20 months," during which he had weekly meetings with his manager, did his manager "ever address[] any issues that arose from his absences, whether they involved approved vacation, therapist appointments, or were granted by [human resources]." Compl. at 7. Indeed, Connolly states that, during his absences, he received his full salary, was not placed on official -- unpaid -- FMLA leave, and was not initially required to use accrued vacation time to cover his bereavement leave as is permitted by law. And approaching the anniversary of the death of his wife, his manager "insisted" that Connolly take paid time off from work. Compl. at 5.

Moreover, the allegations set forth in the complaint undermine Connolly's assertion that the potential for a reduced bonus was the final straw for Connolly and his

continued employment with the defendants. Connolly alleges that the day after his review meeting, he expressed interest in remaining in the defendants' employ if he could be placed in the company's Dallas, Texas office, and he did not resign until after learning that a position in Dallas was unavailable. Furthermore, defendants ultimately paid Connolly the full amount of the bonus, albeit not until after his employment ended. Under these circumstances, we agree with the district court's conclusion that Connolly failed to plausibly allege that defendants intentionally created an intolerable work environment that would compel a reasonable person to resign.

*   *   *

We have considered Connolly's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk